Thomas Lether, Alaska Bar No. 1509081
LETHER LAW GROUP
1848 Westlake Ave N,
Seattle, WA 98109
T: 206-467-5444/F: 206-467-5544
tlether@letherlaw.com
*Attorney for The Phoenix Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISCTRICT OF ALASKA

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, | Case No. |
| Plaintiff, | |
| vs. | |
| ELECTRICAL COMPONENTS INTERNATIONAL, INC. | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff The Phoenix Insurance Company submits the following Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57.

## I.     PARTIES

1.1     Plaintiff, The Phoenix Insurance Company is a foreign insurance company licensed to do business in the State of Alaska. The Phoenix Insurance Company is organized under the laws of the State of Connecticut with its principal place of business in

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 1

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 1 of 23

the State of Connecticut. The Phoenix Insurance Company is licensed to transact business in Alaska and at all material times has transacted business in Alaska.

1.2    Defendant, Electrical Components International, Inc. is a corporation organized under the laws of Missouri, with its principal place of business in Missouri.

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction is properly before this Court pursuant to 28 U.S.C. §1332, *et. seq.*, as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

2.2    The Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with respect to the existence of insurance coverage under the policies of insurance issued by The Phoenix Insurance Company. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because The Phoenix Insurance Company has no adequate remedy at law which will resolve the current controversy.

2.3    Venue is proper with this Court pursuant to 28 U.S.C. § 1391 and local court rules as this case involves claims for insurance coverage stemming from an alleged loss occurring in Alaska, and an underlying lawsuit is filed in The United States District Court for the District of Alaska, *Kendall Dealership Holdings LLC, v. Warren Distribution, Inc.,* case number 3:18-cv-00146-HRH.

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 2

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 2 of 23

## III.    FACTUAL BACKGROUND

3.1    The subject claim arises from products sold and/or distributed in the state of Alaska.

3.2    As alleged in the underlying lawsuit, from about January 1st, 2014, through January 2018, Warren Distribution Inc. ("Warren"), distributed engine block heaters manufactured by Electrical Components International.

3.3    On or about May 22, 2018, Kendall Dealership Holdings, LLC ("Kendall") filed suit in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, *Kendall Dealership Holdings, LLC vs. Warren Distribution, Inc., a Nebraska Corporation* case number 3AN-18-06927CL.

3.4    The underlying lawsuit stems from alleged defective engine block heaters distributed by Warren to Kendall via an ongoing series of purchase agreements.

3.5     Warren subsequently removed the matter to the United States District Court for the District of Alaska and eventually filed a Third-Party Complaint against Electrical Components International, Inc. ("ECI"), *Kendall Dealership Holdings LLC, v. Warren Distribution, Inc.,* case number 3:18-cv-00146-HRH ("Underlying Lawsuit").

3.6    Warren claims the engine block heaters were purchased by Warren from ECI.

3.7    Warren claims ECI owes indemnification to Warren for any damages incurred arising from defects in the products sold.

3.8    In the Underlying Lawsuit, Warren alleges claims against ECI for Breach of Contract, Violation of Alaska's Unfair Trade Practices and Consumer Protection Act, A.S

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 3

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK    Document 1    Filed 06/16/22    Page 3 of 23

45.50, Breach of the Implied Warranty of Merchantability, and Breach of the Implied Warranty of Fitness for a Particular Purpose.

3.9     The Phoenix Insurance Company is currently defending ECI in the Underlying Lawsuit under an express reservation of rights.

## IV.     POLICIES OF INSURANCE

**A.     <u>Identification of the Subject Insurance Policy</u>**

4.1     The Phoenix Insurance Company issued a commercial general liability insurance policy to ECI, policy number HN660-3J918959 with effective dates of May 1, 2017, through May 1, 2018 ("the Subject Policy").

4.2     The Subject Policy contains a $1,000,000 each occurrence limit and a $2,000,000 aggregate limit, and includes the terms, conditions and exclusions set forth below.

**B.     <u>Provisions of The Subject Policy</u>**

4.3     The Commercial General Liability coverage part contained in the Subject Policy contains the following Insuring Agreement:

"**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 4

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 4 of 23

defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)  The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
(2)  The "bodily injury" or "property damage" occurs during the policy period; and

(3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period."

…

Form CG00011001

4.4     The Subject Policy contain the following definitions that are applicable to the foregoing Insuring Agreement.

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 5

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

Case 3:22-cv-00147-JMK     Document 1     Filed 06/16/22     Page 5 of 23

## SECTION V – DEFINITIONS

…

3.    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.    "Coverage territory" means:
    a.    The United States of America (including its territories and possessions), Puerto Rico and Canada;

…

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
    a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b.    You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by:

    a.    The repair, replacement, adjustment or removal of "your product" or "your work"; or

    b.    Your fulfilling the terms of the contract or agreement.

…

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

17.    "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 6

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 6 of 23

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

…

18.   "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a.   An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b.   Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

…

21.   "Your product":

    a.   Means:

        (1)   Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a)   You;

            (b)   Others trading under your name; or

            (c)   A person or organization whose business or assets you have acquired; and

        (2)   Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.   Includes

        (1)   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 7

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 7 of 23

(2)     The providing of or failure to provide warnings or instructions.

c.     Does not include vending machines or other property rented to or located for the use of others but not sold.

22.    "Your work":

a.      Means:

(1)     Work or operations performed by you or on your behalf; and

(2)     Materials, parts or equipment furnished in connection with such work or operations.

b.     Includes:

(1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2)     The providing of or failure to provide warnings or instructions."

Form CG00011001

4.5     The Subject Policy contains the following exclusion regarding contractual liability:

"2.    **Exclusions**

This insurance does not apply to:

…

b.     **Contractual Liability**
**"**Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or  agreement. This exclusion does not apply to liability for damages:

(1)     That the insured would have in the absence of the contract or agreement; or

(2)     Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage"

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 8

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 8 of 23

occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

FORM CG 00011001

The above exclusion is modified by the following endorsement:

**AMENDMENT OF CONTRACTUAL LIABILITY EXCLUSION – EXCEPTION FOR DAMAGES ASSUMED IN AN INSURED CONTRACT APPLIES ONLY TO NAMED INSURED**
[…]

**1.** The following replaces Paragraph (2) of Exclusion **b., Contractual Liability,** in Paragraph **2.** of **SECTION 1 – COVERAGES – COVERAGE A   BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**(2)** Assumed by you in a contract or agreement that is an "insured contract", provided that the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for purposes of liability assumed by you in an "insured contract", reasonable attorneys fees and necessary litigation expenses incurred by or for a party other than an insured will be deemed to be damages because of "bodily injury" or "property damage", provided that:

**(a)** Liability to such party for, or for the cost of, that

party's defense has also been assumed by you in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

CG D4 21 07 08

The following definitions are applicable to the contractual liability exclusion

**9.**     "Insured contract" means:

**a.**     A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.**     A sidetrack agreement;

**c.**     Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.**     An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.**     An elevator maintenance agreement;

**f.**     That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph **f.** does not include that part of any contract or agreement:

**(1)** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 10

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

      **(2)** That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

         **(a)** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

         **(b)** Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage; or

      **(3)** Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services, including those listed in **(2)** above and supervisory, inspection, architectural or engineering activities.

FORM CG 00011001

    4.6    The Subject Policy contains the following exclusion regarding damage to your product.

      **k.  Damage To Your Product**

      "Property damage" to "your product" arising out of it or any part of it.

      …

Form CG 00011001

    4.7    The Subject Policy contains the following exclusion regarding damage to impaired property.

      **m.    Damage To Impaired Property Or Property Not Physically Injured**

      "Property damage" to "impaired property" or property that has

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 11

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 11 of 23

not been physically injured, arising out of:
(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

4.8     The Subject Policy contains the following exclusion regarding recall of products.

**n.   Recall Of Products, Work Or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

Form CG 00011001

4.9     The subject policy contains the following provisions regarding Other Insurance:

**4.     Other Insurance**
If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 12

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 12 of 23

limited as follows:

**a.** **Primary Insurance**
This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in **c.** below.

**b.** **Excess Insurance**
This Insurance is excess over:

**(1)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

    **(a)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

    **(b)** That is Fire Insurance for premises rented to you or temporarily occupied by you with permission of the owner;

    **(c)** That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

    **(d)** If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I**- Coverage **A**- Bodily Injury and Property Damage Liability.

**(2)** Any other primary insurance available to you covering liability for damages arising out of premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 13

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 13 of 23

When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all that other insurance.

We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

**c.** **Method of Sharing**

If all of the other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If an of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ration of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

FORM CG00011001

The following endorsement modifies the insurance provided under the Commercial General Liability Coverage

**AMENDMENT – OTHER INSURANCE CONDITION AND MEANING OF OTHER INSURANCE, OTHER INSURER AND INSURER**

**PROVISIONS**

**1.** The following replaces the part of the first paragraph of paragraph **4., Other Insurance** of **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS** that precedes Paragraph **a.:**

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 14

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 14 of 23

If valid and collectible other insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as described in Paragraphs **a.** and **b.** below.

As used anywhere in this Coverage Part, other insurance means insurance, or the funding of losses, that is provided by, through or on behalf of:

**(i)**     Another insurance company;

**(ii)**    Us or any of our affiliated insurance companies, except when the Non cumulation of Each Occurrence   Limit provision of Paragraph **5.** Of Section **III** -  Limits of Insurance or the Non cumulation of  Personal and Advertising Injury Limit provision of Paragraph **4.** Of Section **III** - Limits of Insurance applies because the Amendment - Non Cumulation of Each Occurrence Limit Of Liability and Non Cumulation of Personal and Advertising Injury Limit endorsement is included in this policy;

**(iii)**   Any risk retention group;

**(iv)**    Any self-insurance method or program, including any failure to buy insurance, or decision to not buy insurance, for any reason, in which case the insured will be deemed to be the provider of other insurance; or

**(v)**     Any similar risk transfer or risk management method.

Other insurance does not include umbrella insurance, or excess insurance, that was bought specifically to apply in excess of the Limits of Insurance shown in the Declarations  of this Coverage Part.

As used anywhere in this Coverage Part, other insurer means a provider of other insurance. As used in Paragraph **c.** below, insurer   means   a   provider   of

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 15

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 15 of 23

insurance.

2.      The first Subparagraph **(2)** of Paragraph **4.b., Excess Insurance,** of **Section IV - COMMERCIAL GENERAL LIABILITY CONDITIONS** regarding any other primary insurance available to you is deleted.

3.      The following is added to Paragraph **4.b., Excess Insurance**, of **Section IV - COMMERCIAL GENERAL LIABILITY CONDITIONS:**

This insurance is excess over any of the other insurance, whether primary, excess, contingent, or on any other basis, that is available to the insured when the insured is added as an additional insured under any other policy, including any umbrella or excess policy.

Form CGD4200708

4.10   The policy contains the following Duties of An Insured provision:

**B.**    **<u>Duties Of An Insured</u>**

The Policy contains the following terms with regard to duties of an insured after a loss:

**2.**    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)**   How, when and where the "occurrence" or offense took place;

**(2)**   The names and addresses of any injured persons and witnesses; and

**(3)**   The nature and location of an injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

**(1)**   Immediately record the specifics of the claim or "suit" and the date received; and

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 16

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 16 of 23

**(2)**      Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**      You and any other involved insured must:

**(1)**      Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)**      Authorize us to obtain records and other information;

**(3)**      Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)**      Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.**      No insured will, except at that insured's own costs, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

…

Form CG 00011001

4.11   In accordance with applicable law, The Phoenix Insurance Company now brings this claim for Declaratory Judgment seeking a judicial determination that it does not owe any coverage obligation to ECI for the claims asserted in the Warren claim.

## V.      NO INDEMNITY OR DEFENSE COVERAGE UNDER THE POLICIES

5.1    The Phoenix Insurance Company reasserts paragraphs 1.1 through 4.11 and incorporates the same as though fully state herein.

5.2    The Policies provide coverage only for "property damage" or "bodily injury" caused by an "occurrence", as those terms are defined by the Policy, provided that any such "property damage" or "bodily injury" occurs during the policy period.

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 17

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 17 of 23

5.3     There is an actual and justiciable controversy as to whether the claims against ECI involve claims for "property damage" as that term is defined.

5.4     There is an actual and justiciable controversy as to whether the claims against ECI involve claims for "bodily injury" as that term is defined.

5.5     There is an actual and justiciable controversy as to whether the claims against ECI involve an "occurrence" as that term is defined by the Subject Policy.

5.6     There is an actual and justiciable controversy as to whether the alleged liability of ECI is for "property damage" or "bodily injury" caused by any "occurrence."

5.7     There is an actual and justiciable controversy as to whether any "property damage" or "bodily injury" that was allegedly caused by an "occurrence" occurred during any policy period.

5.8     Pursuant to the Subject Policy, coverage is excluded for liability for "property damage" arising out of ECI's "product".

5.9     There is an actual and justiciable controversy as to whether the claims against ECI involve liability for "property damage" arising out of ECI's "product".

5.10    Pursuant to the Subject Policy, coverage is excluded for liability for "property damage" to the insured's "product".

5.11    There is an actual and justiciable controversy as to whether the claims against ECI involve liability for "property damage" to ECI's "product".

5.12    Pursuant to the Subject Policy, coverage is excluded for liability for "property damage" or "bodily injury" to the insured's "work".

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 18

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 18 of 23

5.13    There is an actual and justiciable controversy as to whether the claims against ECI involve liability for "property damage" or "bodily injury" to ECI's " work".

5.14    Pursuant to the Subject Policy, coverage is precluded for "property damage" to "impaired property" or other property that has not been physically injured arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work.

5.15    There is an actual and justiciable controversy as to whether any alleged "property damage" to any allegedly "impaired property" or other property that has not been physically injured arises out of a defect, deficiency, inadequacy, or other dangerous condition in ECI's work or product.

5.16    Pursuant to the Subject Policy, coverage is excluded for "property damage" to "impaired property" or other property that has not been physically injured arising out of a delay or failure by an insured or anyone acting on the insured's behalf to perform a contract or agreement in accordance with the terms of the contract or agreement.

5.17    There is an actual and justiciable controversy as to whether any alleged "property damage" to any allegedly "impaired property" or other property that has not been physically injured arises out of a delay caused by ECI or a failure by ECI to perform a contract or agreement in accordance with the terms of a relevant contract or agreement.

5.18    Pursuant to the Subject Policy, coverage is excluded for liability arising from damages claimed for any loss, cost or expense incurred by ECI or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 19

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 19 of 23

"your product", "your work", or "impaired property" if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

5.19    There is an actual and justiciable controversy as to whether the claims against ECI involve liability for damages claimed for any loss, cost or expense incurred for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of "your product", "your work", or "impaired property" that has been withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

5.20    Pursuant to the Subject Policy, coverage is excluded for liability arising from "bodily injury" or "property damage" to which the insurer is obligated to pay damages by reason of assumption of liability in a contract or agreement.

5.21    There is an actual and justiciable controversy as to whether ECI is obligated to pay damages by reason of assumption of liability in a contract or agreement.

5.22    Pursuant to the Subject Policy, to the extent that there is other valid and collectable insurance available to ECI for purposes of claims asserted in the Underlying Lawsuit, the coverage provided under the applicable policy may be excess over said other insurance.

5.23    To the extent that the subject policy provides coverage, there is an actual justiciable controversy as to whether The Phoenix Insurance Company is excess over other insurance.

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 20

5.24    There is an actual and justiciable controversy as to whether The Phoenix Insurance Company has any duty to defend the insured against any "suit", due to this policy being excess.

5.25    Pursuant to the subject Policy, ECI is required to comply with certain terms and conditions as a condition precedent.

5.26    There is an actual justiciable controversy as to whether ECI complied with the cooperation provisions in the subject policy and whether failure to comply caused ECI to prejudice The Phoenix Insurance Company.

5.27    The Phoenix Insurance Company reserves the right to assert any other exclusions or grounds for which coverage for the claims against ECI may be excluded under the Policies.

## VI.    CAUSE OF ACTION FOR DECLARATORY RELIEF

6.1    The Phoenix Insurance Company reasserts paragraphs 1.1 – 5.27 and incorporates the same as though fully state herein.

6.2    Actual and justiciable controversies exist as to whether any defense coverage is available to ECI under the Policy as set forth above.

6.3    Pursuant to and in accordance with 28 U.S.C. § 2201, The Phoenix Insurance Company requests that the Court grant declaratory relief in favor of The Phoenix Insurance Company and enter a judicial determination that The Phoenix Insurance Company does not have an obligation to provide a defense to ECI in regard to the Warren claim.

6.4    Actual and justiciable controversies exist as to whether any indemnity

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 21

coverage is available to ECI under the Policies in regard to the claims related to the Underlying Lawsuit.

6.5    Pursuant to and in accordance with 28 U.S.C. § 2201, The Phoenix Insurance Company requests that the Court grant declaratory relief in favor of The Phoenix Insurance Company and enter a judicial determination that The Phoenix Insurance Company does not have an obligation to provide any indemnity coverage to ECI in regard to the claims arising from the Warren claim.

## VII.   PRAYER FOR RELIEF

WHEREFORE, The Phoenix Insurance Company having specifically alleged the foregoing, now prays for the following relief:

7.1    For a declaration of the rights and obligations of the parties hereto under the Policy.

7.2    For a declaration that there is no duty to defend ECI under the Policy.

7.3    For a declaration that there is no duty to indemnify ECI under the Subject Policy.

7.4    For a judicial declaration that ECI are bound by any judicial declarations in this matter involving the Subject Policy.

7.5    For all pre-judgment and post-judgment interest as allowed by applicable law.

7.6    For attorney fees and costs allowed by applicable statute and law.

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 22

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P. (206) 467-5444 F. (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 22 of 23

7.7    To the extend allowed by applicable law, reimbursement of any and all defense costs, fees, or expenses incurred by The Phoenix Insurance Company in defending any entity in the Underlying Lawsuit who claims to be an insured under the policy for which there is no defending obligation.

7.8    For other and further relief as the Court deems just and equitable.

DATED this 14th day of June 2022

LETHER LAW GROUP

*/s/* Thomas Lether
Thomas Lether, Alaska #1509081
1848 Westlake Ave N., Suite 100
Seattle, WA  98109
P: 206-467-5544 / F: 206-467-5544
tlether@letherlaw.com
*Counsel for The Phoenix Insurance Company*

THE PHOENIX INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY RELIEF- 23

LETHER LAW GROUP
1848 WESTLAKE AVENUE N.
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

Case 3:22-cv-00147-JMK   Document 1   Filed 06/16/22   Page 23 of 23